**United States Bankruptcy Court**

District of Delaware

**Voluntary Petition**

| Debtor | Joint Debtor |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): Ascendia Brands, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): Alluristics, Inc.; Cenuco, Inc.; Donnebrooke Corp.; Virtual Academics.Com Inc. | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 75-2228820 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 100 American Metro Boulevard, Suite 108, Hamilton, NJ — ZIP CODE 08619 | Street Address of Joint Debtor (No. and Street, City, and State): — ZIP CODE |
| County of Residence or of the Principal Place of Business: Mercer | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): — ZIP CODE | Mailing Address of Joint Debtor (if different from street address): — ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):

ZIP CODE

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

Holding Company

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer, debts defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☒ Debts are primarily business debts

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**

- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets (reported on a consolidated basis, at book value)

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $10,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities (reported on a consolidated basis)

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $10,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Ascendia Brands, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See Schedule 1** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☒ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

**X** ______________________________

Signature of Attorney for Debtor(s) (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

______________________________

(Name of landlord that obtained judgment)

______________________________

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B 1 (Official Form) 1 (1/08) Page 3

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

Name of Debtor(s):
Ascendia Brands, Inc.

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Debtor

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (If not represented by attorney)

______________________
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________
(Signature of Foreign Representative)

______________________
(Printed Name of Foreign Representative)

______________________
Date

### Signature of Attorney*

X ______________________
Signature of Attorney for Debtor(s)
M. Blake Cleary (No. 3614)
Printed Name of Attorney for Debtor(s)
Young Conaway Stargatt & Taylor, LLP
Firm Name
The Brandywine Building
Address
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
Telephone Number
August 5, 2008
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Authorized Individual
Andrew Sheldrick
Printed Name of Authorized Individual
General Counsel
Title of Authorized Individual
August 5, 2008
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

______________________
Address

______________________

X ______________________

______________________
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **ASCENDIA BRANDS, INC., et al.,**[1] | : | **Case No. 08-_____ ( )** |
| **Debtors.** | : | **(Joint Administration Pending)** |

## Schedule 1 to Voluntary Petition

Including the debtor in this chapter 11 case, the following affiliated debtors simultaneously have filed voluntary chapter 11 petitions in this Court. Contemporaneously with the filing of these petitions, such entities filed a joint motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

1. Ascendia Brands, Inc.
2. Hermes Acquisition Company I, LLC
3. Ascendia Brands Co., Inc.
4. Lander Co., Inc.
5. Lander Intangibles Corp.
6. Ascendia Real Estate LLC

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Ascendia Brands, Inc. (8820); Hermes Acquisition Company I, LLC (2437); Ascendia Brands Co., Inc. (4604); Lander Co., Inc. (2447); Lander Intangibles Corporation (8789); and Ascendia Real Estate LLC (2435). The mailing address for Lander Co., Inc. and Lander Intangibles Corporation is 1011 Centre Road, Wilmington, DE 19805. The mailing address for the other Debtors is 100 American Metro Blvd., Suite 108, Hamilton, NJ 08619.

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Ascendia Brands, Inc., ) Case No. ________

Debtor )

)

) Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 033-25900.

2. The following financial data is the latest available information and refers to the debtor's condition on July 5, 2008.

a. Total assets (at book value) $ 194,800,000

b. Total debts (including debts listed in 2.c, below) $ 279,000,000

| | | Approximate number of holders |
|---|---|---|
| c. Debt securities held by more than 500 holders. secured ☐ unsecured ☐ subordinated ☐ | $ N/A | N/A |
| d. Number of shares of preferred stock | 26,830 | 1 |
| e. Number of shares common stock (as of 7/28/08) | 41,973,590 | 928 |

Comments, if any: ________

3. Brief description of debtor's business: Ascendia Brands, Inc. and its subsidiaries manufacture, market and distribute a portfolio of nationally and internationally recognized branded health and beauty care products.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Dana Holdings LP, MarNan LLC. Coty, Inc., Prencen LLC [1]

[1] On an undiluted basis the following entities hold more than 5% of the Debtors' voting stock: Dana Holdings LP (21.64%, MarNan LLC (18.07%), and Coty Inc. (11.96%). On a diluted basis, Prencen LLC would own 83.26% of the Debtors' voting stock and would be the sole holder of more than 5% of the voting stock. As of the petition date, no event triggering dilution has occurred.

# ASCENDIA BRANDS, INC.

The undersigned directors of Ascendia Brands, Inc. (the "Company"), constituting all of the members of the Board of Directors (the "Board") of the Company, hereby adopt the following Resolutions pursuant to Section 141(f) of the Delaware General Corporation Law on and as of this 4th day of August, 2008.

1. Filing of Petition in Bankruptcy

WHEREAS the Board has determined that that it is in the best interests of the Company and its direct and indirect subsidiaries Hermes Acquisition Company I LLC ("Hermes"), Ascendia Brands Co. Inc. ("Ascendia Brands"), Lander Co., Inc. ("Lander"), Lander Intangibles Corporation ("Lander Intangibles"), Ascendia Real Estate LLC ("Ascendia Real Estate" and together with Hermes, Ascendia Brands, Lander and Lander Intangibles, the "Ascendia Subsidiaries" and together with the Company, the "Ascendia Entities"), their respective creditors and other interested parties that the Ascendia Entities file voluntary petitions in bankruptcy under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS the Board has determined that a sale of the combined assets and businesses of the Ascendia Entities presents the most practical means to preserve and maintain the value of the estates of the Ascendia Entities for the benefit of their respective creditors and other parties in interest;

NOW THEREFORE, it is hereby

RESOLVED, that the Company file, and cause the Ascendia Subsidiaries to file, voluntary petitions in bankruptcy under Chapter 11 of Title 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Chief Restructuring Officer (as hereinafter provided for), Chief Financial Officer, Treasurer, Secretary and General Counsel of the Company (each, an "Authorized Officer") be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, including in its capacity as sole shareholder or managing member of the Ascendia Subsidiaries, to execute and verify petitions under chapter 11 of the Bankruptcy Code with respect to each of the Ascendia Entities and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as the Authorized Officer executing such petitions shall determine; and it is further

RESOLVED, that any Authorized Officer be, and hereby is, authorized, empowered and directed to execute and approve the filing of all petitions, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all such further acts and deeds that any such Authorized Officer deems necessary and proper in connection with the Ascendia Entities' chapter 11 cases, with a view to the successful prosecution of such cases; and it is further

RESOLVED, that any Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, and any employees or agents (including as the Company's legal counsel) designated by or directed by any such Authorized Officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, including in its capacity as sole shareholder or member of the Ascendia Subsidiaries, to cause the Ascendia Entities to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of any such Authorized Officer shall be or become necessary, proper or desirable to the successful prosecution of these chapter 11 cases; and it is further

RESOLVED, that in connection with the commencement of the chapter 11 cases by the Ascendia Entities, the Authorized Officers be and hereby are, authorized and empowered on behalf of, and in the name of, the Company, including in its capacity as sole shareholder or member of the Ascendia Subsidiaries, to negotiate, execute and consummate a management incentive plan on terms and conditions such Authorized Officer may consider necessary and proper to achieve the successful prosecution of these chapter 11 cases; and it is further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer or the Directors of the Company in the name and on behalf of the Company, including in its capacity as sole shareholder or member of the Ascendia Subsidiaries, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

2. Ratification and Amendment Agreement

WHEREAS in connection with the commencement of the chapter 11 cases by the Ascendia Entities, the Board has determined that it is in the best interests of the Ascendia Entities, their respective creditors and other interested parties to enter into a debtor-in-possession loan facility (the "Ratification and Amendment Agreement") with Wells Fargo Foothill, Inc., in its capacity as arranger and administrative agent (in such capacity, "DIP Agent"), acting for and on behalf of the lenders from time to time party to the Ratification and Amendment Agreement (collectively with DIP Agent, the "DIP Lenders"), which provides, among other things, supplemental line advances in an amount not to exceed $9.5 million (including certain advances made prior to filing the petitions); and

WHEREAS the Board made this determination based upon, among other things, the review of the Ratification and Amendment Agreement and the proposed Bankruptcy Court order approving the Ratification and Amendment Agreement (each of which documents are attached hereto as Exhibits A and B); and

WHEREAS the Board also requested and received a presentation from outside counsel and consulted with its financial advisors regarding certain features of the Ratification and Amendment Agreement, including, but not limited to, certain releases requested by the DIP Lenders and the DIP Agent under the Ratification and Amendment Agreement and the proposed Bankruptcy Court order and provisions with respect to the advisability of anticipated sale of the assets and businesses of the Ascendia Entities and the lack of alternatives thereto;

NOW THEREFORE, it is hereby

RESOLVED, that any Authorized Officer be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, including in its capacity as sole shareholder or managing member of the Ascendia Subsidiaries, to execute the Ratification and Amendment Agreement annexed hereto as Exhibit A; and it is further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer or the Directors of the Company in the name and on behalf of the Company, including in its capacity as sole shareholder or member of the Ascendia Subsidiaries, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

3. Retention of Professional Advisers

RESOLVED, that the law firm of Kramer Levin Naftalis & Frankel LLP be, and hereby is, employed as general bankruptcy and corporate counsel for the Ascendia Entities under a general retainer in the Ascendia Entities' chapter 11 cases, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP be, and hereby is, employed as Delaware co-counsel for Ascendia Entities under a general retainer in the Ascendia Entities' chapter 11 cases, on the terms and condition set forth in the engagement agreement dated as of July 24, 2008, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that the firm of Houlihan Lokey Howard & Zukin Capital, Inc. be, and hereby is, employed to provide investment banking and restructuring services for the Ascendia Entities' chapter 11 cases, on the terms and condition set forth in the engagement agreement dated as of July 3, 2008, subject to the approval of the Bankruptcy Court.

4. Appointment of Chief Restructuring Officer

WHEREAS the Board has heretofore determined that is in the best interests of Ascendia Entities to file petitions under Chapter 11 of the Bankruptcy Code;

WHEREAS the Board has further determined that it is in the best interests of the Company to create the office of Chief Restructuring Officer of Ascendia Brands, Inc., the holder of which shall serve as the senior executive officer of the Company, reporting to the Board, until such time as the Ascendia Entities have consummated a reorganization or sale of all or substantially all of their assets or the Board otherwise determines that the best interests of the Ascendia Entities are no longer served by maintaining such office;

WHEREAS the Company and Carl Marks Advisory Group LLC ("CMAG") have heretofore entered into a Financial Services Agreement (the "CMAG Agreement") pursuant to which, *inter alia*, a partner of CMAG, Douglas A. Booth, currently serves as Chief Restructuring Adviser to the Board; and

WHEREAS the Board has determined that it is in the best interests of the Company to amend and (subject to such amendment) ratify the CMAG Agreement to provide that Douglas A. Booth shall serve as the Chief Restructuring Officer of the Company, until such time as a successor be appointed;

NOW THEREFORE, it is hereby

RESOLVED, that the office of Chief Restructuring Officer of Ascendia Brands, Inc. be, and hereby is, created, with the following rights, responsibilities and authority: (i) to act as the senior executive officer of each of the Ascendia Entities, reporting to the Board of the Company, with responsibility to oversee and direct all sales, marketing, operations and financial functions of the Ascendia Entities; (ii) to oversee and direct negotiations with the Ascendia Entities' creditors, prospective purchasers and other parties-in-interest regarding a possible reorganization of the Ascendia Entities, the sale of the business of the Ascendia Entities as a going concern or a sale of all or substantially all of their assets; (iii) to oversee and implement a wind-down plan for the operations of the Company's subsidiary in Canada and to advise the Board regarding the future disposition of such subsidiary; (iv) to report to the Board from time to time, as the Board may request, with respect to the foregoing; and (v) to perform and/or direct all such other functions related to the foregoing that the Board may, from time to time, determine or that the Chief Restructuring Officer, in the exercise of his or her judgment, may deem necessary and appropriate to preserve and maintain the value of the estates of the Ascendia Entities in bankruptcy; and it is further

RESOLVED, that Douglas A Booth be, and hereby is, appointed to serve as Chief Restructuring Officer of the Company, effective as of the time of the filing by the Ascendia Entities of petitions in bankruptcy, with the rights, responsibilities and powers set forth above, until such time as a successor be appointed; and it is further

RESOLVED, that any Authorized Officer of the Company be, and hereby is, authorized and directed to negotiate, execute and deliver an amendment to the CMAG Agreement to give effect to the appointment of Douglas A. Booth as Chief Restructuring Officer of the Company and to make such additional and conforming amendments as may be necessary or appropriate thereto, such amended agreement being hereby approved subject to the approval of the Bankruptcy Court.

The foregoing Resolutions are approved on and as of this 4th day of August, 2008

Marilyn Feuer

Mitchell P. Goldstein



KL3 2564819.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **ASCENDIA BRANDS, INC., et al.,**[1] | : | **Case No. 08-_____ ( )** |
| **Debtors.** | : | **(Joint Administration Pending)** |

**LIST OF CREDITORS HOLDING**
**THIRTY LARGEST UNSECURED CLAIMS**

Following is the list of the Debtors' creditors holding the thirty (30) largest unsecured claims.[2] The list has been prepared on a consolidated basis, based upon the consolidated books and records of the Debtor and its affiliates that also commenced cases under chapter 11 of title 11 of the United States Code on the date hereof (collectively, the "Debtors").

Except as set forth above, the list of creditors has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. This list does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of title 11 of the United States Code or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.

| (1)<br>*Name of creditor and complete mailing address, including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff*[3] | (5)<br>*Amount of claim (if secured also state value of security)* |
|---|---|---|---|---|
| Coty, Inc.<br>2 Park Avenue<br>17th Floor<br>New York, NY 10016 | Tel: (212) 479-4351<br>Fax: (212) 479-4508 | Debt | | $25,385,937.29 |

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Ascendia Brands, Inc. (8820); Hermes Acquisition Company I, LLC (2437); Ascendia Brands Co., Inc. (4604); Lander Co., Inc. (2447); Lander Intangibles Corporation (8789); and Ascendia Real Estate LLC (2435). The mailing address for Lander Co., Inc. and Lander Intangibles Corporation is 1011 Centre Road, Wilmington, DE 19805. The mailing address for the other Debtors is 100 American Metro Blvd., Suite 108, Hamilton, NJ 08619.

[2] This information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.

[3] All claims may be subject to offsets, discounts, reconciliations, credits, and adjustments, which are not reflected on this list.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff*[3] | *Amount of claim (if secured also state value of security)* |
| Prencen LLC<br>623 Fifth Avenue<br>32nd Floor<br>New York, NY 10022 | Tel: (212)756-1489<br>Fax: (212) 756-1497 | Debt | | $2,083,334.00 |
| Zotos International Inc.<br>Draw # AA<br>P.O. Box 26821<br>New York, NY 10087-6821 | Tel: (203) 656-7819<br>Fax: (203)656-7888 | Trade | | $1,029,317.76 |
| Matrix Packaging Inc.<br>245 Britannia Road East<br>Mississauga, Ontario<br>L4Z 4J3<br>CANADA | Tel: (905) 624-2337<br>Fax: (818) 709-0085 | Trade | | $1,218,401.89 |
| Rand Corporation<br>3389 Paysphere Circle<br>Chicago, IL 60674 | Tel: (514) 428-0002<br>Fax: (732) 287-2519 | Trade | | $968,908.22 |
| Cognis Corporation<br>P.O. Box 827384<br>Philadelphia, PA 19182-7394 | Tel: (800) 254-1029<br>Fax: (212) 513-482-5502 | Trade | | $812,801.00 |
| Joe Falsetti<br>6775 Phillips Mill Road<br>New Hope, PA 18938 | Tel: (215) 262-4037<br>Fax: | Indemnified Party | Unliquidated | $762,820.51 |
| Berlin Packaging NY, L.L.C.<br>36542 Treasury Center<br>IL 60694-6500 | Tel: (201) 947-7744<br>Fax: (312) 258-7018 | Trade | | $677,231.55 |
| Kane Warehousing, Inc.<br>P.O. Box 931<br>Scranton, PA 18501-0931 | Tel: (570) 344-9801<br>Fax: (570) 342-1652 | Trade | | $440,947.39 |
| Consolidated Container Co., LP<br>P.O. Box 13308<br>Newark, NJ 07101-3308 | Tel: (402) 934-2400<br>Fax: (402) 391-7042 | Trade | | $413,060.39 |
| Dewolf Chemical, Inc.<br>400 Massasoit Ave<br>Suite 106<br>East Providence, RI 02914 | Tel: (401) 434-3515<br>Fax: (401) 434-5306 | Trade | | $385,148.75 |
| BDO Seidman, LLP<br>90 Woodbridge Center Drive<br>Suite 710<br>Woodbridge, NJ 07095 | Tel: (732) 750-0900<br>Fax: (732) 750-1222 | Trade | | $314,737.65 |
| Temple-Inland<br>P.O. Box 360853m<br>Pittsburg, PA 15251-6853 | Tel: (607) 775-1550<br>Fax: (607) 775-2813 | Trade | | $311,290.41 |
| Hillman & Partners<br>1776 Broadway<br>Suite 1610<br>New York, NY 10019 | Tel: (212) 871-1787<br>Fax: (212) 871-1788 | Trade | | $277,895.00 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff*[3] | *Amount of claim (if secured also state value of security)* |
| Kane Traffic Services, Inc.<br>PO Box 931<br>Scranton, PA 18501-0931 | Tel: (570) 344-9801<br>Fax: (570) 342-1652 | Trade | | $252,579.85 |
| Korex Canada<br>78 Titan Road<br>Toronto, Ontario<br>M8Z 2J8<br>CANADA | Tel: (416) 231-7800<br>Fax: (416) 231-9266 | Trade | | $224,422.25 |
| Empire-Emco<br>2430 North Forest Road<br>Suite 125<br>Getzville, NY 14068 | Tel: (716) 898-8217<br>Fax: (716) 832-7042 | Trade | | $260,774.16 |
| Petro-Canada<br>P.O. Box 4038, Station A<br>Toronto, Ontario<br>M5W 1S5<br>CANADA | Tel: (800) 364-7993<br>Fax: (905) 804-3618 | Trade | | $257,621.83 |
| Sonneborn Inc.<br>P.O. Box 933238<br>Atlanta, GA 31193-3238 | Tel: (877) 948-2635<br>Fax: (724) 756-9386 | Trade | | $228,962.64 |
| Pretium Packaging LLC<br>North Central Region<br>P.O. Box 8500-1106<br>Philadelphia, PA 19178-1106 | Tel: (812) 522-8177<br>Fax: (812) 522-9441 | Trade | | $222,706.91 |
| Continental Packaging<br>1592 Paysphere Circle<br>Chicago, IL 60674-1592 | Tel: (312) 433-0762<br>Fax: (312) 666-2019 | Trade | | $212,389.57 |
| Berry Plastic Corp.<br>P.O. Box 633485<br>Cincinnati, OH 45263-3485 | Tel: (812) 424-2904<br>Fax: (413) 586-0313 | Trade | | $198,356.00 |
| Mane Inc.<br>P.O. Box 828918<br>Philadelphia, PA 19182-8918 | Tel: (973)633-5538<br>Fax: (973) 628- 9940 | Trade | | $194,182.85 |
| Univar Usa Inc.<br>13009 Collections Center Drive<br>Acct # 381362 001<br>Chicago, IL 60693 | Tel: (877) 561-6990<br>Fax: (215) 337-6290 | Trade | | $185,151.60 |
| Coughlin Gerhart LLP<br>20 Chenango Street<br>Binghamton, NY 13902-2039 | Tel: (607) 723-9511<br>Fax: (607) 723-1530 | Judgment | | $177,592.52 |
| Sky Solutions<br>777 Terrace Avenue<br>Hasbrouck Heights, NJ 07604 | Tel: (201) 393-0044<br>Fax: (201) 869-2302 | Trade | | $177,244.00 |
| Arnold Logistic<br>Wells Fargo CS # 86883<br>P.O. Box 310223<br>Des Moines, IA 50331-0223 | Tel: (800) 967 3914<br>Fax: (717) 892-1347 | Trade | | $158,786.12 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff*[3] | *Amount of claim (if secured also state value of security)* |
| Team Technologies Inc.<br>5949 Commerce Blvd.<br>Morristown, TN 37814 | Tel: (423) 587-2199<br>Fax: (423) 587-0642 | Trade | | $151,440.46 |
| Protameen Chemicals, Inc.<br>P.O. Box 166<br>Totowa, NJ 07511 | Tel: (973) 256-4374<br>Fax: (973) 256-6764 | Trade | | $143,633.94 |
| Thomas Ferguson<br>c/o Coughlin Gerhart LLP<br>19 Chenango Street<br>Binghamton, NY 13902-2039 | Tel: (607) 723-9511<br>Fax: (607) 723-1530 | Judgment | | $131,815.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **ASCENDIA BRANDS, INC., et al.,**[1] | **Case No. 08-_____ (   )** |
| **Debtors.** | **(Joint Administration Pending)** |

**DECLARATION REGARDING CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS**

The Debtors in this Chapter 11 case and certain affiliated entities (collectively, the "Debtors") each filed a petition in this court on or about the date hereof for relief under Chapter 11 of the United States Bankruptcy Code. The consolidated list of creditors holding 30 largest unsecured claims, submitted herewith, is complete and to the best of my knowledge correct and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records. However, no comprehensive legal or factual investigation with regard to the accuracy of the information or possible defenses to the claims has been pursued. Therefore, this listing does not stand and should not be deemed to constitute: (1) an acknowledgement of the accuracy of the identity of any such creditor or the amount of such claim of any particular claim holder: (2) an acknowledgement of the allowability of any listed claim; or (3) waiver of any right or legal position of the Debtor.

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Ascendia Brands, Inc. (8820); Hermes Acquisition Company I, LLC (2437); Ascendia Brands Co., Inc. (4604); Lander Co., Inc. (2447); Lander Intangibles Corporation (8789); and Ascendia Real Estate LLC (2435). The mailing address for Lander Co., Inc. and Lander Intangibles Corporation is 1011 Centre Road, Wilmington, DE 19805. The mailing address for the other Debtors is 100 American Metro Blvd., Suite 108, Hamilton, NJ 08619.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2008

Douglas A. Booth
Chief Restructuring Officer