IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCENDIA BRANDS, INC., *et al.* | ) | Case No. 08-11787 (BLS) |
| | ) | |
| Debtors. | ) | Ref. Nos. 11, 34, 145, 255, 299, 409, 447, |
| | ) | 488, 496, 538, 546, 582, 618, 662, 663, |
| | | 694, 699, 727. 731, 908, 909, 972 and 973 |

## FIFTEENTH ORDER EXTENDING FINAL ORDER (A) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANT SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 105, 364(c) and 364(d); (B) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362; (C) AUTHORIZING DEBTORS TO ENTER INTO DIP FINANCING AGREEMENTS WITH WELLS FARGO FOOTHILL, INC., IN ITS CAPACITY AS AGENT FOR ITSELF AND CERTAIN OTHER DIP LENDERS; AND (D) GRANTING ADEQUATE PROTECTION IN RESPECT THEREOF

Upon the motion (the "*Motion*"), dated August 5, 2008, of Ascendia Brands, Inc. ("ABI"), a Delaware corporation, Hermes Acquisition Company I, LLC ("Hermes"), Ascendia Real Estate LLC ("Ascendia Real Estate"), Ascendia Brands, Inc. ("ABI"), Lander Co., Inc. ("Lander"), and Lander Intangibles Corporation ("Lander Intangibles", and collectively with ABI, Hermes, Ascendia Real Estate, ABI, Lander each a "*Borrower*" and collectively, the "*Borrowers or "Debtor"*"), and each as a Debtor and Debtor-in-Possession in the above-captioned Chapter 11 cases (collectively, the "*Cases*"), pursuant to Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*") and Rules 2002, 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), seeking, inter alia, the entry of an interim and final Order, authorizing Debtors to obtain post-petition financing from Wells Fargo Capital Finance, LLC, f/k/a Wells Fargo Foothill, Inc., in its capacity as arranger and administrative agent (in such capacity, "*DIP Agent*") for itself and the other financial institutions from time to

time party to the DIP Loan Agreement (as defined below) as lenders (each individually, a "*DIP Lender*", and collectively with Agent, the "*DIP Lenders*") in accordance with all of the lending formulae, sublimits, terms and conditions set forth in the DIP Loan Agreement, which incorporates the Existing Credit Agreement, as amended, in accordance with the Budget and in accordance with the Final Order, secured by post-petition security interests in and liens upon all of the Collateral pursuant to Sections 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code; and (2) the request by Debtors for the entry of an Order by this Court further extending and modifying the Final Order (A) Authorizing Debtors to Obtain Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant To 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors to Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated September 5, 2008 (the "Final Order"), as modified by the Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated October 7, 2008 (the " First Extension Order"); the Second Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc.,

In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated October 17, 2008 (the " Second Extension Order"); the Third Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated December 5, 2008 (the "Third Extension Order"); the Fourth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc.; In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated December 22, 2008 (the "Fourth Extension Order"); the Fifth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated January 30, 2009 (the "Fifth Extension Order"); the Sixth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d);

(B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated February 12, 2009 (the "Sixth Extension Order"); the corrected Seventh Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated March 30, 2009 (the "Seventh Extension Order"); the Eighth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated May 7, 2009 (the "Eighth Extension Order"); the Ninth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc.; In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated June 25, 2009 (the "Ninth Extension Order"); the Tenth Order Extending Final Order (A) Authorizing Debtors To

Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated October 28, 2009 (the "Tenth Extension Order"); the Eleventh Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc.; In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated February 8, 2010 (the "Eleventh Extension Order"); the Twelfth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc.; In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated April 23, 2010 (the "Twelfth Extension Order"); the Thirteenth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders;

And (D) Granting Adequate Protection In Respect Thereof, dated August 16, 2010 (the "**Thirteenth Extension Order**"); and the Fourteenth Order Extending Final Order (A) Authorizing Debtors To Obtain Post-Petition Financing And Grant Security Interests And Superpriority Administration Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362; (C) Authorizing Debtors To Enter Into DIP Financing Agreements With Wells Fargo Foothill, Inc., In Its Capacity As Agent For Itself And Certain Other DIP Lenders; And (D) Granting Adequate Protection In Respect Thereof, dated February 1, 2011 (the "**Fourteenth Extension Order**").

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that**:

Except to the extent specifically modified pursuant to this Order (the "*Fifteenth Extension Order*"), all of the terms, conditions and provisions of the Final Order, as amended, the DIP Loan Agreement[1] and the other Loan Documents shall remain in full force and effect.

1. The Budget attached hereto as Exhibit A (the "*Fifteenth Extension Budget*") shall replace the Budget referenced in the Final Order only for purposes of the period of time covered by this Fifteenth Extension Order. Borrowers are hereby authorized to borrow and DIP Agent and DIP Lenders have agreed to fund (or otherwise provide for) the Disbursements set forth on the Fifteenth Extension Budget, including those items that have been "rolled forward" from the prior Budget, subject to the terms and conditions of the Final Order, as amended, the DIP Loan Agreement and the other Loan Documents.

2. Section 2.3.1(c) is hereby deleted and is replaced with the following: "subject to the terms and conditions of this Final Order, as amended, the fees and expenses actually incurred

---

[1] Capitalized terms used in this Fifteenth Extension Order and not otherwise defined herein shall have the respective meanings ascribed to such terms in the Final Order.

on and after the Petition Date through the earlier of (x) the date of the Default Notice or (y) December 31, 2011, by attorneys, accountants and/or other professionals retained by the Debtors and the Committee under Sections 327, 363 or 1103(a) of the Bankruptcy Code (collectively, the "*Professionals*"), that have already been (or are subsequently) approved by a final order of the Court pursuant to Sections 326, 328, 330, or 331 of the Bankruptcy Code ( collectively, the "*Allowed Professional Fees*"), up to the amounts of: (a) for Debtors' counsel (Kramer Levin Naftalis & Frankel LLP "KLNF"), $948,000 for the period through November 30, 2008 (plus an additional $20,000 for services rendered and expenses incurred during December 2008), of which amount $998,459.64 has been paid; (b) for Debtors' Delaware counsel (Young Conaway Stargatt & Taylor, LLP "YCST"), $859,933.00, of which amount $804,856.09 has already been paid and $49,000 of which is to be paid from YCST's remaining retainer; (c) for YCST in respect of disbursements and expenses, the aggregate amount of an additional $4,540.36; and (d) for Creditors' Committee counsel and their financial advisor the aggregate sum of $260,000, of which amount $258,000 has already been paid. In the event DIP Agent delivers a Default Notice in writing to Debtors, the amounts set forth in this Section 2.3.1(c) shall be limited to the monthly amounts, or the pro rata portion thereof, set forth on the Budget for each Professional, except to the extent that actual and reasonable fees and expenses have been incurred in excess of such pro rata portion as of the date of the Default Notice. (The foregoing is without prejudice to the rights of the Debtors' various Professionals to seek a further order of the Court approving the payment of fees and expenses in excess of the amounts specified above, which application may be objected to by the DIP Agent and/or the DIP Lenders on the basis that the specified amounts set forth in the Budget and the provisions of the Final DIP

Order, as amended, impose firm caps on the aggregate amounts of fees and expenses that may be payable to the Professionals in these Chapter 11 cases.)

3. Section 5.11 of the Final Order and Section 7.15 of the DIP Loan Agreement are hereby amended to provide that the Termination Date shall be December 31, 2011.

4. Sections 2.1(e)(ii) "Supplemental Line Allowance Limit", Section 2.1(e)(v) "Maximum Revolver Amount" of the DIP Loan Agreement, and the definition of "Maximum Revolver Amount" as defined in the Existing Credit Agreement as incorporated into the DIP Loan Agreement are hereby amended to reduce as of January 1, 2010 each such limit to $200,000 (which amount has been fully cash collateralized), together with a corresponding reduction of the amount of the "Revolver Commitments" as set forth in the DIP Loan Agreement.

5. A Hearing to consider a further extension of the Final Order is scheduled for _____, 2011, at \_\_\_\_\_.m. before this Court (the "***Final DIP Extension Hearing***").

6. The terms of this Fifteenth Extension Order have been negotiated in good faith and at arms' length among Debtors, DIP Agent and DIP Lenders, and any loans, advances or other financial accommodations which are made or caused to be made to Debtors by DIP Agent, DIP Lenders pursuant to the DIP Loan Agreement or the Final Order, as amended hereby, are deemed to have been made and provided in good faith, as the term "good faith" is used in Section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of Section 364(e) of the Bankruptcy Code in the event that this Fifteenth Extension Order or any provision hereof is vacated, reversed or modified on appeal or otherwise.

7. The terms and provisions of this Fifteenth Extension Order shall be valid and binding and effective upon Debtors, all creditors of Debtors and all other parties-in-interest in the

Debtors' Chapter 11 Cases as of the date hereof. The terms and provisions of this Fifteenth Extension Order shall be effective as of June 30, 2011 immediately upon entry hereof pursuant to Bankruptcy Rules 6004(h) and 7062.

Dated: July 20, 2011
Wilmington, Delaware

_____
BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE